## WARE v. CINCINNATI (City).

Common Pleas Court, Hamilton County.

No. A-123784.    Decided April 9, 1951.

Weiland, Solinger & D'Angelo, Cincinnati, for plaintiff.
Henry M. Bruestle, City Solicitor, Cincinnati, for defendant.

## OPINION

By BADER, J.

This cause comes before this court on the demurrer of defendant to the plaintiff's petition which sets forth as its reason for the demurrer that the petition does not state facts sufficient to constitute a cause of action against it.

The plaintiff is a minor eleven years of age and sues through his mother and next friend Lillian Ware.

Plaintiff alleges in part that Central Parkway is a public thoroughfare; that underneath the park area between the northern and southern portions of the Central Parkway there is an underground tunnel intended to be used as a rapid transit railway. Plaintiff also alleges that the defendant constructed and maintained ventilators twelve by fourteen feet square which are supported at the four corners by concrete posts to a height of three feet, leaving an aperture of approximately twenty-two and one-half inches below the concrete roof, which had formerly been covered with large mesh wire screen and that these ventilators are surrounded by a decorative circular wall four feet in height and one foot in width and that between the ventilators and the concrete wall there is a concrete flooring.

Plaintiff further states that the ventilator has been maintained for many years and constitutes part of the park system of the defendant and that the plaintiff and the general public have been permitted to relax and recreate in the park area and that the plaintiff has played on, in and around said ventilator, all with the knowledge of the defendant.

Plaintiff further alleges that prior to the date of the incident complained of an opening or hole was cut into and through the large mesh wire screen leaving an unguarded hole twenty two inches high and nineteen inches wide leading to the concrete floor at the bottom of the railway tunnel approximately twenty feet below which constituted a dangerous nuisance upon and in the park premises.

A municipality cannot be held liable for negligence in the exercise of a governmental function, but may be liable for the failure to perform a duty imposed upon it by statute or for its neglect in the performance of a corporate duty. See **Tolliver v. City of Newark, 145 Oh St 517, 62 N. E. 2d 357, 161 A. L. R. 1391.** The construction and maintenance of a street in a safe condition for travel is a corporate duty made so by §3714 GC, which is in derogation of common law.

Sec. 3714 GC reads as follows: "Council to have care, supervision and control. Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the

manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

Can it be said that the City of Cincinnati has not kept its streets, sidewalks or public grounds open, in repair and free from nuisance if it fails to repair the hole in the top of a structure over 4 feet high and to reach the same it is necessary to climb to the top of this structure and squeeze one's body through this hole 19" by 20" to gain access to the lower part? Is it the intention of §3714 GC that the person who takes it upon himself to climb a wall of concrete 4 feet high may recover for the injuries sustained after he falls through a defective mesh wire to the bottom of the tunnel underneath?

Certainly the City of Cincinnati is not an insurer! It was incumbent upon the plaintiff to exercise a certain degree of care for his own safety. It was incumbent upon him to exercise that degree of care which children of the same age, education and experience, of ordinary care and prudence are accustomed to exercise under the same or similar circumstances. It could not be expected nor can there be placed upon the City of Cincinnati the duty to anticipate that anyone would go completely off the walks provided for pedestrians, climb a four foot wall, climb in between the concrete decorative wall and the ventilator and squeeze his body through a hole nineteen inches in width and 20 inches in height.

The court feels that it would be going a long way if it would hold that a person may go out of his or her way, and with some difficulty, climb a four feet concrete wall to reach a point not intended for the use of pedestrians or users of the parkway and recover for injuries sustained while doing so. Could it be said that the City of Cincinnati would be liable for injuries sustained if one of the children who used the park climbed to the roof of one of the shelter houses in the many city parks it operates and sustained injuries? The court does not feel that it would and believes that these facts are similar to those in the case at bar.

The court feels that the legislature in enacting §3714 GC intended that no right should be given to successfully sue a municipality under circumstances and facts set forth in plaintiff's petition, that the facts set forth in plaintiff's petition do not state facts sufficient to constitute a cause of action against the defendant and that the demurrer should be sustained.